UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'    JS-6

| Case No. | 2:15-cv-01505-CAS(MANx) | Date | May 6, 2015 |
|---|---|---|---|
| Title | PAMELA BROWN V. ANTONIO RIVERA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers)** PLAINTIFF'S MOTION TO REMAND (Dkt. 19, filed April 1, 2015)

DEFENDANT CHRISTIANA TRUST'S MOTION TO DISMISS (Dkt. 9, filed March 12, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing currently scheduled for May 11, 2015 is hereby vacated, and the matter is taken under submission.

## I. INTRODUCTION & BACKGROUND

This action was filed by plaintiff Pamela Brown against defendants Anthony and Annabel Rivera and Does 1-100 on November 7, 2013, in Santa Barbara County Superior Court. Notice of Removal, Ex. A. Brown's original complaint asserted causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, conversion, and specific performance. Id. In brief, the complaint alleged that the Rivera defendants breached a Residential Purchase Agreement in which the Riveras agreed to transfer property located at 1710 Rios Court, Santa Maria, California, 93454 ("the Property") to plaintiff. Ultimately, plaintiff sought a determination that she was the "sole . . . owner of the Property." Compl. at 5.

On November 18, 2014, Christiana Trust, a division of Wilmington Savings Fund Society, FSB ("the Trust") and a citizen of Delaware, intervened in the state court action. Notice of Removal, Ex. B. On January 19, 2015, plaintiff served the Trust with an amendment to the complaint, adding the Trust as a Doe defendant. Id., Ex. C. On January 20, 2015, plaintiff voluntarily dismissed the Rivera defendants, with prejudice,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'     JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01505-CAS(MANx) | Date | May 6, 2015 |
| Title | PAMELA BROWN V. ANTONIO RIVERA ET AL. | | |

from the state court action.  Dkt. 7 (Notice of Errata), Exs. 1-3.  The Trust then filed a demurrer to plaintiff's complaint on January 23, 2015.  Notice of Removal, Ex. E.

  Following the voluntary dismissal of the Rivera defendants, plaintiff served the operative First Amended Complaint ("FAC") on the defendant Trust on February 20, 2015.  Notice of Removal, Ex. D.  The FAC alleges the following claims: (1) to set aside trustee's sale; (2) to cancel trustee's deed upon sale; (3) quiet title; (4) slander of title; (5) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCl"); (6) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17500, et seq. ("FAL"); and (7) elder abuse in violation of Cal. Welfare & Inst. Code § 15610.30.  The FAC also requests a temporary restraining order, a preliminary injunction, and declaratory relief.  In the FAC, as in the original complaint, plaintiff ultimately seeks a determination that she is the " rightful owner of the Property."  FAC at 13.

  On March 2, 2015, the Trust removed the action to this Court, asserting the existence of both federal question jurisdiction pursuant to 28 U.S.C. § 1331, and diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Dkt. 1.  The Trust subsequently filed a motion to dismiss the FAC on March 12, 2015.  Dkt. 9.  Plaintiff opposed this motion on March 31, 2015, dkt. 16, and the Trust replied on April 24, 2015, dkt. 28.

  On April 1, 2015, plaintiff timely filed a motion to remand this action to state court.  Dkt. 19.  The Trust opposed plaintiff's motion on April 20, 2015, dkt. 27, and plaintiff replied on May 1, 2015, dkt. 30.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

  A motion for remand is the proper procedure for challenging removal.  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  The defendant also has the burden of showing that it has complied with the procedural requirements for removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01505-CAS(MANx) | Date | May 6, 2015 |
| Title | PAMELA BROWN V. ANTONIO RIVERA ET AL. | | |

Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245, 20 S. Ct. 854 (1900); see also Schwarzer, *supra*, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

## III.   DISCUSSION

As noted above, the Trust bases removal on the purported existence of both federal question and diversity jurisdiction. With regard to the former ground, plaintiff contends that the Trust has failed to demonstrate the existence of a federal question. As to diversity jurisdiction, plaintiff contends that removal is untimely. The Court addresses each basis for removal in turn.

### A.   Federal Question Jurisdiction

For purposes of 28 U.S.C. § 1331, the question of whether a claim arises under federal law is determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9–10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-01505-CAS(MANx) | Date | May 6, 2015 |
|---|---|---|---|
| Title | PAMELA BROWN V. ANTONIO RIVERA ET AL. | | |

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27–28.

The second prong of this test turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003). A claim supported by alternate theories is not sufficient to create federal question jurisdiction unless federal law is essential to *each* of those theories. Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 810 (1988) (holding that a "claim supported by alternate theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of these theories."). Thus, where alternative state law theories exist for each claim, there is no federal question jurisdiction. Duncan v. Stuetzle, 76 F.3d 1480, 1486 (9th Cir. 1996) (noting that "if a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper") (following Christianson, 486 U.S. at 810).

In its notice of removal, the Trust contends that substantial federal questions are alleged in the FAC, since the FAC includes claims that are "based on violation of the Federal consumer financial law (12 U.S.C.§ 5481(14)) and seek civil penalties under 12 U.S.C. § 5595." Id. ¶ 18. Although plaintiff acknowledges that the FAC references these federal statutes, she asserts that these allegations are not essential to the establishment of her claims. Mot. Remand at 5.

Here, three claims in the FAC reference federal statutes. In plaintiff's claim to quiet title to the Property, plaintiff alleges that defendants violated "provisions of the Federal consumer financial law (12 U.S.C. § 5481(14)), therefore forfeiting and obligating themselves to pay a civil penalty pursuant to 12 U.S.C. § 5565." FAC ¶ 30. Likewise, in her claims for a temporary restraining order and declaratory relief, plaintiff alleges that the Trust does not "have standing or the enforceable right to take possession of Plaintiff's Property, because of the failure to comply with strict statutory, legal, and contractual duties, as well as their violation of the Federal consumer financial law." Id. ¶¶ 62, 67. Notably, plaintiff does not seek civil penalties pursuant to any federal statute in her prayer for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01505-CAS(MANx) | Date | May 6, 2015 |
| Title | PAMELA BROWN V. ANTONIO RIVERA ET AL. | | |

The Court concludes that plaintiff's right to relief for these claims does not "necessarily depend[] on resolution of a substantial question of federal law."[1] As is evident from a full reading of the FAC, plaintiff's quiet title claim is predicated on allegations that a trustee's sale at which the Property was sold is "void and invalid," since the Trust "failed to adhere to strict statutory requirements" in conducting the sale. FAC ¶ 29. In turn, the quiet title claim incorporates by reference paragraphs 1-25 of the FAC, in which plaintiff alleges that the Trust violated myriad provisions of California law. See, e.g. FAC ¶¶ 14-25. Thus, a determination of the appropriate holder of the title to the Property will turn on construction of California foreclosure law, not "Federal consumer financial law." Indeed, 12 U.S.C. § 5481(14) merely defines "Federal consumer financial law," and 12 U.S.C. § 5565 delineates the scope of relief available in an enforcement action brought by the Consumer Financial Protection Bureau. It is unclear how construction of such statutory provisions could be necessary to resolve an action to quiet title. See Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir. 1992) ("[J]urisdiction under § 1331 is unavailable where the federal claim 'is patently without merit.'" (quoting Brock v. Writers Guild of America, West, Inc., 762 F.2d 1349, 1352 n.3 (9th Cir. 1985) (citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 70-71 (1978))) .

Plaintiff's claims for injunctive and declaratory relief likewise do not depend on resolution of any federal question, substantial or otherwise. As the language of these claims makes clear, plaintiff asserts that the Trust cannot take possession of the Property for two independent reasons: "the failure to comply with strict statutory, legal, and contractual duties, *as well as* their violation of the Federal consumer financial law." FAC ¶¶ 62, 67 (emphasis added). Even assuming the Trust's violation of "Federal consumer financial law" could serve as a basis for granting plaintiff the relief she seeks, the plain language of plaintiff's allegations demonstrates that the Trust's alleged violation of California statutes, discussed above, forms an alternate basis for relief.

Accordingly, the Court concludes that federal question jurisdiction is lacking.

---

[1] These claims manifestly were not "created by" federal law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01505-CAS(MANx) | Date | May 6, 2015 |
| Title | PAMELA BROWN V. ANTONIO RIVERA ET AL. | | |

### B.     Diversity Jurisdiction

To the extent that the Trust removed this action on the basis of purported diversity jurisdiction, plaintiff contends that defendant's removal was untimely.[2]

As a general matter, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). However, pursuant to section 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Section 1446(b)(3) notwithstanding, where removal is premised on diversity of citizenship, the "case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Here, plaintiff filed her initial complaint in state court on November 7, 2013. Thus, pursuant to the express language of section 1446(c)(1), the time to remove the complaint on the basis of diversity jurisdiction expired on approximately November 7, 2014—well before the Trust removed the action to this Court in March 2015. The Trust has not attempted to show that plaintiff acted in bad faith to prevent removal. Moreover, that the

---

[2] Plaintiff does not dispute the timeliness of removal based on federal question jurisdiction, presumably because it is beyond dispute that plaintiff's original complaint did not reference any federal statute, unlike the FAC. Compare Compl. with FAC. Because the Trust removed the action within 30 days of being served with the FAC, removal on the basis of federal question jurisdiction was timely. See 28 U.S.C. § 1446(b)(3).

Further, plaintiff does not appear to dispute the existence of complete diversity or satisfaction of the amount in controversy requirement. See 28 U.S.C. § 1332(a) (federal courts have original jurisdiction over all civil actions where there amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:15-cv-01505-CAS(MANx) | Date | May 6, 2015 | |
| Title | PAMELA BROWN V. ANTONIO RIVERA ET AL. | | | |

case was not removable until January 2015, when plaintiff voluntarily dismissed the Rivera defendants from the action rendering the parties completely diverse, does not alter the outcome. Indeed, the plain language of section 1446(c)(1) expressly forecloses application of the 30-day rule set forth in 1446(b)(3) when more than a year has elapsed since commencement of the action. See 28 U.S.C. § 1446(c)(1) ("A case *may not be removed under subsection (b)(3)* on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action.") (emphasis added).

The Trust resists this conclusion, arguing that time to remove was reopened by the filing of the FAC, which "changed the nature of the litigation, so a new 30 day time period to file the removal began." Opp'n Mot. Remand at 3. Relying on Dunn v. Gaiam, Inc., 166 F. Supp. 2d 1273 (C.D. Cal. 2001), the Trust contends that where an amended complaint changes the nature of the action such that it "constitute[s] substantially a new suit or an entirely new and different suit, a defendant may be given additional time to remove the case." Id. In Dunn, the court explained that "there is a narrow, judicially-created exception . . . which holds that a right to removal may be 'revived' (the so-called 'revival exception') 'where the plaintiff files an amended complaint that so changes the nature of [the] action as to constitute 'substantially a new suit begun that day.' " Dunn, 166 F. Supp. 2d at 1279 (quoting Samura v. Kaiser Foundation Health Plan, Inc., 715 F.Supp. 970, 972 (N.D.Cal.1989) (quoting Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc., 668 F.2d 962, 965 (7th Cir. 1982)), and citing Johnson v. Heublein Inc., 227 F.3d 236, 241–44 (5th Cir.2000))).

However, the Trust fails to acknowledge that the Dunn court not only declined to apply the "revival exception," but opined that

> given the strict construction which the Court must apply to the removal statutes, on procedural as well as substantive issues, the wisdom of such a judicially-created exception might be questioned as an initial matter. There seem to be no reported cases in the Ninth Circuit of any court actually *applying* the 'revival exception' to salvage an otherwise-waived statutory right of removal.

Id. (emphasis in original). Moreover, citing this language from Dunn, the Ninth Circuit recently acknowledged that "it ha[d] no occasion to decide whether to join other circuits in recognizing a 'revival exception.' " Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-01505-CAS(MANx) | Date | May 6, 2015 |
| Title | PAMELA BROWN V. ANTONIO RIVERA ET AL. | | |

1136, 1143 (9th Cir. 2013). Because the Ninth Circuit has yet to "join other circuits" in recognizing the revival exception, the Court declines to invoke that exception here. In light of this, the Court finds defendant's removal improper.

In sum, because the FAC does not present a federal question and the Trust's removal of the action on the basis of diversity jurisdiction was untimely, the Court GRANTS plaintiff's motion to remand the action to state court. However, defendant's improper removal does not warrant an award of attorney's fees, as requested by plaintiff. Thus, the motion to remand is DENIED insofar as it seeks fees from the Trust.

## IV. CONCLUSION

In accordance with the forgoing, the Court GRANTS in part and DENIES in part plaintiff's motion to remand. The GRANTS the plaintiff's motion to the extent it seeks remand, but DENIES plaintiff's request for fees. Further, because the Court lacks subject matter jurisdiction over this action, the Court DENIES as MOOT defendant's motion to dismiss.

The Court hereby ORDERS this case REMANDED to the Santa Barbara County Superior Court.

IT IS SO ORDERED.

00 : 00

Initials of Preparer    CMJ